NO. 07-12-0051-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL D

 DECEMBER 20, 2012

 TOLEDO RAY MARTIN,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 _____________________________

 FROM THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY;

 NO. 0895988W; HONORABLE SHAREN WILSON, PRESIDING

 Memorandum Opinion

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
 Appellant, Toledo Ray Martin, appeals the revocation of his probation
for the felony offense of driving while intoxicated and his sentence of ten
years confinement. He contends the trial court erred in overruling his
hearsay and Crawford objections to certain evidence and denied him due
process rights by the same rulings. We affirm the judgment.
 Appellant pled guilty to driving while intoxicated in 2003 and was
placed on ten years probation. In 2011, the State sought to revoke his
probation, alleging he had violated the conditions of probation by 1)
causing bodily injury to Tommy Carr by striking him with his hand or biting
him with his teeth on June 15, 2011, 2) consuming alcohol on June 15, 2011,
3) using cocaine on January 4, 2006, 4) failing to report for the month of
April 2011, 5) submitting diluted urine specimens on February 1, 2006,
March 10, 2006, and March 15, 2006, and 5) being in possession of alcohol
on August 7, 2006. Appellant plead "not true" to each allegation. After a
hearing, the trial court found appellant had violated each alleged
condition except the fourth one and sentenced him to ten years confinement.

 Appellant complains of the hearsay testimony of State's witnesses
Rodney Knotts and Cynthia Whiteman. Knotts was a senior court officer for
the probation department and testified to the contents of the business
records of that department, specifically that appellant admitted to using
cocaine on January 4, 2006. Whiteman was a forsensic analyst at Norchem
Drug Testing who testified from business records that three of appellant's
urine specimens contained a creatinine level below that of valid testing
and so were considered diluted.
 We need not determine whether the trial court erred in admitting the
testimony of the two witnesses. This is so because any one ground is
sufficient to support the revocation of appellant's probation. Moore v.
State, 605 S.W.3d 924, 926 (Tex. Crim. App. 1980). Tommy Carr testified
that appellant assaulted him on June 15, 2011, and that appellant was
drinking alcohol on that date. Although appellant denied those
allegations, the trial court was the sole judge of the credibility of the
witnesses and the weight to be given their testimony. Garrett v. State,
619 S.W.2d 172, 174 (Tex. Crim. App. 1981). Therefore, the trial court had
before it evidence from which it could have concluded that appellant had
committed those alleged violations of his probation. See Lewis v. State,
No. 07-08-0307-CR, 2009 Tex. App. Lexis 4254, at *3 (Tex. App.-Amarillo
June 10, 2009, pet. ref'd) (not designated for publication) (sustaining the
decision to revoke probation because, among other things, the appellant
failed to challenge all grounds to revoke found true by the trial court).
Thus, even without the testimony of the two challenged witnesses, the trial
court had basis upon which to revoke appellant's probation.
 Accordingly, the judgment is affirmed.

 Per Curiam
Do not publish.